IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LEONARD BAKER,

    Petitioner,                      No. 2:12-cv-01520 DAD P

    vs.

DARREL G. ADAMS,                   ORDER

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  Petitioner has submitted a declaration that makes the showing required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

---

[1] This is petitioner's second federal habeas petition to challenge his 1981 judgment of conviction for murder in the first degree entered by the Yolo County Superior Court.  Petitioner's first federal petition was filed on November 18, 1994 in Baker v. Attorney General for the State of California, Case No. 2:94-cv-01892 WBS JFM P.  That previous action was dismissed due to petitioner's failure to exhaust his claims in state court.  However, the U.S. Court of Appeals for the Ninth Circuit remanded the case, concluding that this court lacked jurisdiction over the petition because petitioner had failed to name his custodian as a respondent.  See Baker v. Attorney General, 97 F.3d 1458, 1996 WL 552929, at *1 (9th Cir. 1996).  Upon remand the this court dismissed the petition with leave to amend.  When petitioner failed to file an amended petition, the assigned Magistrate Judge recommended that the action be dismissed.  On April 10, 1997, those findings and recommendations were adopted by the assigned District Judge and the case was dismissed.

1  See 28 U.S.C. § 1915(a).

2  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). A federal claim is fairly presented to the state courts if the petitioner has described the operative facts and legal theory upon which his claim is based. See Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994). "[I]t is not enough . . . that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). As a rule, the "mere similarity of claims is insufficient to exhaust." Duncan v. Henry, 513 U.S. at 365-66. A claim is also unexhausted if it contains new factual allegations which "fundamentally alter the legal claim already considered by the state courts." Vasquez v. Hillery, 474 U.S. 254, 260 (1986). It is not necessary that "every piece of evidence" supporting federal claims have been presented to the state court. Chacon v. Wood, 36 F.3d 1459, 1469 n.9 (9th Cir. 1994). The introduction of new evidence affects the fair presentation requirement when it "substantially improves the evidentiary basis" for petitioner's claims. Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988). However, new factual allegations that are cumulative of those presented to the state court do not transform the claim and thus do not require exhaustion. See Hillery v. Pulley, 533 F. Supp. 1189, 1200-02 (E.D. Cal. 1982), aff'd, 733 F.2d 644 (9th Cir. 1984), aff'd, 474 U.S. 254 (1986).

Here, the court is unable to determine from the face of the petition if petitioner has properly exhausted his claims in state court. In his pending federal petition, petitioner claims that the trial court erred in ignoring his objections both concerning his readiness to proceed to trial and his attorney's failure to assist him with his defense. (Doc. No. 1 at 4.) It is clear that these claims were not presented in the habeas petition filed by petitioner with the California Supreme

Court in January 2012.[2]  However, the court is unable to determine if petitioner raised these claims of alleged trial court error in his direct appeal to the California Court of Appeal for the Third Appellate District and/or in a petition for review before the California Supreme Court. Therefore, the court will direct petitioner to file an amended habeas petition in which he clarifies the claims he raised in his state court appeal and whether he has exhausted the claims set forth in his federal petition by presenting them first to the California Supreme Court.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's June 6, 2012 application requesting leave to proceed in forma pauperis (Doc. No. 2) is granted;

2. Within thirty days from the service of this order, petitioner shall file an amended habeas petition that complies with the requirements of the Federal Rules of Civil Procedure; the amended petition must bear the docket number assigned this case and must be labeled "Amended Petition;" petitioner must use the form petition provided by the court and answer each question, specifically providing information concerning any claims or issues he raised in the California Court of Appeal and, more importantly, in the California Supreme Court[4]; petitioner's failure to file an amended petition in accordance with this order will result in the dismissal of this action; and

---

[2] In the habeas petition filed with the California Supreme Court, petitioner sought funds for the appointment of a hypnotist to demonstrate that petitioner was under the influence of "hypnotic brain washings" when he committed the crime for which he was convicted.  (Doc. No. 4 at 14-15.)

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  See 28 U.S.C. § 2244(d).

[4] Petitioner should provide, if available, a copy of any briefs filed with the California Court of Appeal for the Third Appellate District on his behalf and. most importantly, any petition for review filed on his behalf with the California Supreme Court as well as the Supreme Court's decision on any such petition for review.

3. The Clerk of the Court is directed to provide petitioner a copy of the court's form habeas petition for a state prisoner.

DATED: April 3, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
baker1520.amd