1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEONARD BAKER, | No. 2:12-cv-01520 DAD P |
| Petitioner, | |
| v. | ORDER & FINDINGS AND RECOMMENDATIONS |
| J. SOTO, Warden,[1] | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262. In his second amended petition pending before the court it appears that petitioner is attempting to challenge a judgment of conviction and sentence for murder entered by the Yolo County Superior Court against him in 1981. For the following reasons, the undersigned recommends that this action be dismissed as frivolous.

---

[1] Petitioner merely identified "Prison Warden et al.," as respondent in his Second Amended Petition. J. Soto, the Warden of California State Prison-Los Angeles County (CSP-LAC), petitioner's place of incarceration, is substituted as the respondent herein. A federal petition for writ of habeas corpus must name as respondent the state officer having custody of petitioner. See 28 U.S.C. § 2254; Rule 2(a), Rules Governing Section 2254 Cases; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

## II. Background

This is petitioner's second federal habeas action filed in this court. (See ECF No. 6 at 1 n.1.) Petitioner's first habeas action was filed on November 18, 1994, in Baker v. Attorney General for the State of California, Case No. 2:94-cv-01892 WBS JFM P.[2] That action was initially dismissed due to petitioner's failure to first exhaust his claims in state court prior to seeking federal habeas relief. However, the Ninth Circuit Court of Appeals vacated the judgment and remanded that case to this court, on the ground that this court lacked jurisdiction over the original petition because petitioner had failed to name his custodian as the respondent. See Baker v. Attorney General for the State of California, 97 F.3d 1458 (9th Cir. 1996) (unpublished). Upon remand, this court dismissed the petition in that earlier filed action with leave to amend. However, petitioner failed to file an amended petition and, accordingly, that habeas action was dismissed on April 10, 1997. See Case No. 2:94-cv-01892 WBS JFM P.

Petitioner commenced the instant habeas action on June 6, 2012.[3] (ECF No. 1.) On April 4, 2013, this court granted his application to proceed in forma pauperis and dismissed the original petition with leave to file an amended petition that clarified petitioner's claims and alleged their exhaustion in the state courts. (ECF No. 6.) On May 28, 2013, petitioner filed an amended petition. (ECF No. 8.) This court dismissed the amended petition for the same reasons, and noted that "the remainder of the amended petition contains only rambling and disjointed statements which do not appear to concern petitioner's judgment of conviction." (ECF No. 11 at 1.) The court granted petitioner leave to file a second amended petition, which it designated "a final opportunity to comply with the court's April 4, 2013 order requiring him to clarify the nature of his federal habeas claims." (Id.)

---

[2] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F. 2d 118, 199 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[3] Another habeas action involving petitioner was opened by the court in error on June 11, 2012. See Case No. 2:12-cv-1564 KJN P. On June 25, 2012, the court closed that action and consolidated petitioner's filings therein into this habeas action.

1  III. Legal Standards

2      District courts are required to screen petitions for writ of habeas corpus before requiring
3  the government to file a response.  "If it plainly appears from the face of the petition and any
4  attached exhibits that the petitioner is not entitled to relief in the district court, the judge must
5  dismiss the petition and direct the clerk to notify the petitioner."  Rule 4, Rules Governing 2254
6  Cases.  See also Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly
7  allows a district court to dismiss summarily the petition on the merits when no claim for relief is
8  stated").  "Summary dismissal is appropriate only where the allegations are vague or conclusory
9  or palpably incredible, or patently frivolous or false."  Hendricks v. Vasquez, 908 F.2d 490, 491
10 (9th Cir. 1990) (citations, internal quotation marks and punctuation omitted).  Frivolous claims
11 are inherently "clearly baseless," and include allegations that "describ[e] fantastic or delusional
12 scenarios," Neitzke v. Williams, 490 U.S. 319, 327, 328 (1989), or alleged facts that are "wholly
13 incredible," Denton v. Hernandez, 504 U.S. 25, 33 (1992).

14 IV. Second Amended Petition

15     In his second amended petition petitioner identifies the following four claims:  (1) the
16 failure of the prosecution to disclose petitioner's statement made to arresting officer that, "'I don't
17 want to remain silent, ask me in my sleep;'" (2) the refusal of a public defender to help petitioner
18 "get back into municipal court arraignment in camera hypnosis hearing;" (3) the failure of
19 California Court of Appeal to consider petitioner's appeal, but instead "wrote their own appeal;"
20 and (4) "denial of in camera hypnosis reenactments allowed selection of armed robber jury
21 members . . . whom had previously tried to shoot" petitioner [sic]." (ECF No. 13 at 4-5.)

22     This court has attempted to identify petitioner's filings in the state courts.  The second
23 amended petition alleges that petitioner challenged his 1981 judgment of conviction and sentence
24 on direct appeal, through the California Supreme Court, which denied review on August 13,
25 1983.  (ECF No. 13 at 2.)  However, petitioner identifies the "grounds raised" in that appeal only
26 as "the counselor has a copy of the petition in the inmate central file."  (Id.)  Moreover, this
27 court's review of the dockets in petitioner's cases filed in the California Supreme Court and
28 California Court of Appeal fails to disclose any direct appeals brought on his behalf.  It appears

1  that petitioner's only attempt to appeal his conviction was filed in the California Court of Appeal
2  for the Third Appellate District on September 29, 2006, wherein petitioner sought permission to
3  file a constructive notice of appeal.  That request was denied on October 5, 2006.  See The People
4  v. Baker, California Court of Appeal for the Third Appellate District, Case No. C053766
5  (docket).
6       The second amended petition identifies the following attempts by petitioner to obtain
7  collateral review of his conviction.  Petitioner states that he filed a petition for writ of habeas
8  corpus in the "Superior Court of California," on the following ground:  "Ask me in my sleep
9  mister court appointed hypnotist because the decedent hypnotically brainwashed me by choking
10 me to death and reviving me and talking to me to kill himself [sic]."  (ECF No 13 at at 2-3.)
11 Petitioner avers that he raised the same, albeit slightly reworded, claim in a habeas petition filed
12 with the California Court of Appeal:  "Ask me in my sleep mister court appointed hypnotist
13 because the decedent hypnotically brainwashed me by choking me to death and reviving me and
14 talking me into killing him [sic]."  (Id. at 3.)  The second amended petition before this court
15 indicates that both state habeas petitions were denied in "1983, 1984, 1985, 1986, 1987, et cetra,"
16 for the following reason:  "Denied told to write inmate/parole appeal."  (Id.)
17 V.  Analysis
18      The undersigned finds the instant application for federal habeas relief to be frivolous.
19 Three of petitioner's four claims challenge the denial of hypnosis-based evidence by the
20 prosecution, defense and trial court, respectively.  Petitioner's claims appear to reflect "fantastic
21 or delusional scenarios," Neitzke, 490 U.S. at 328, that are "wholly incredible," Denton, 504 U.S.
22 at 33.  Petitioner's fourth claim asserts generally that the Court of Appeal "wrote its own appeal,"
23 and ignored petitioner's unidentified claims.  Review of petitioner's other filings in this action
24 underscore the court's assessment of frivolity.  For example, on April 11, 2014, petitioner filed
25 the following statement with this court:
26      I was born on February 6, 1956 under another name.  When I was
        4½ years old my dad and I burned up in a car and there was a
27      funeral that I was shown and then at age of 5 a new birth certificate
        was presented to me with a new birthdate of February 7, 1956 and a
28      new name of David Leonard Baker. . . . [T]he first day of my life

      the doctor that delivered me that was my dad choked me to death
and revived me and talked about the crimes I was to comit/commit
[sic] . . . .

(ECF No. 10 at 2.)[4]

VI. <u>Conclusion</u>

    For the foregoing reasons, IT IS HEREBY ORDERED that:

    1.  The Clerk of Court is directed to randomly assign a district judge to this action.

    Further, IT IS HEREBY RECOMMENDED that:

    1.  The second amended petition be dismissed as frivolous; and

    2.  This action be closed.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> 28 U.S.C. 2253(c) (absent a certificate of appealability, an appeal may not be taken from the final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

Dated:  June 27, 2014

DAD: 4

                                                    /s/ Dale A. Drozd
                                                    DALE A. DROZD
                                                    UNITED STATES MAGISTRATE JUDGE

---

[4] The court has also reviewed petitioner's exhibits as well as the available records of the California Court of Appeal and the California Supreme Court.  It is apparent that since at least 1987, petitioner has periodically and frequently filed petitions apparently seeking relief with respect to his 1981 judgment of conviction.  In denying relief, courts have often noted similar deficiencies as those noted above.  Often relief has been denied petitioner on the basis of California's untimeliness default.   Although the undersigned herein recommends that the pending second amended petition be dismissed as frivolous, petitioner's procedural default would also appear to bar federal habeas review at this time.  <u>See</u> <u>Martinez v. Ryan</u>, __U.S.__, __, 132 S. Ct. 1309, 1316 (2012)